van Gestel, J.
This matter is before the Court on a motion by one of the defendants, Greg Stuart (“Stuart”), to disqualify the law firm of Davis, Malm & D’Agostine, P.C., and any lawyer thereat (collectively “DMD”), from representing any of the plaintiffs in this matter. Stuart contends that disqualification is required under Rules 1.6 through 1.10 of the Mass.R.Prof.C.
BACKGROUND
Stuart, and the company he was then affiliated with as a principal, G.R. Stuart & Company, Inc., was represented by DMD between 1994 and 1996. The representation involved the defense of claims against G.R. Stuart and its agents, including Stuart, asserted by customers and various other matters. G.R. Stuart was a registered securities broker-dealer.
Stuart also says that he was represented by DMD personally: when he was named as a respondent in an arbitration; on an occasion when he was called to testify before the Securities and Exchange Commission; on an occasion when he was called on to provide information against Robert Dilanni, a co-defendant here, to the U.S. Attorney’s office in Boston; and when he was sued by his current partner and present co-defendant, Robert Dilanni, at a time when they were not partners. Stuart also received advice from DMD on tax matters.
Other than as described above, Stuart provided the Court with no details of the representations.
The principal DMD attorney involved in the representation was Grover S. Parnell, Jr. Mr. Parnell left DMD in 1998.
Stuart says that in the course of his representation by DMD he disclosed confidential information to Mr. Parnell relating to eveiy aspect of his securities business and detailed information regarding his personal finances and holdings. In addition, he says, he and Mr. Parnell discussed strategies regarding the legal claims.
Stuart also says that he and Julian D’Agostine, a partner at DMD, have been involved in the private placement of securities.
Stuart has never consented to DMD representing the plaintiffs in this action or to the disclosure of any confidential information.
DMD responds that only two DMD attorneys, in addition to Mr. Parnell, have ever done any legal work for G.R. Stuart. They are William J. Griffin, Jr. and J. Gavin Cockfield, who both are still currently at DMD. Mr. Cockfield represented G.R. Stuart in a suit to collect misappropriated funds from an employee, but he never represented Stuart personally. Mr. Griffin represented G.R. Stuart with respect to a proposed sale by G.R. Stuart of its assets to potential purchasers. Mr. Griffin’s services involved reviewing, drafting and negotiating transaction documents. He, too, did not represent Stuart personally.
One other DMD attorney gave individual tax advice to Stuart. This lawyer was Kevin F. Long, who also left DMD in 1998.
Since 1996, no DMD lawyer has performed any legal work for Stuart.
Mr. D’Agostine reports that the securities transaction referred to by Stuart was a purchase of securities only. He did not render legal advice with respect to the transaction.
Stuart’s involvement in the present lawsuit relates to 21st Century Partners, LLP (“21st Century”), a partnership that was formed by Stuart in 1998, after all DMD representation of Stuart and G.R. Stuart had ended. Further, the transaction in issue in the present case involves a sale, in December 1999, by 21st Century to certain of the plaintiffs of shares in Cyberscan Technologies, Inc. (“Cyberscan”) and of Net Tel International (“Net Tel”) stock in 2000. None of the prior DMD representation involved Cyberscan, Net Tel or 21st Century.
G.R. Stuart is not involved in the present lawsuit. In fact, G.R. Stuart may not even be operating any longer.
*78 DISCUSSION
Motions to disqualify must be considered in light of the principal that courts “should not lightly interrupt the relationship between a lawyer and her client . . . [A]s a prophylactic device for protecting the attorney-client relationship, . . . courts should hesitate to impose [disqualification] except when absolutely necessary.”
G.D. Mathews & Sons Corporation v. MSN Corporation, 54 Mass.App.Ct. 18, 20-21 (2002).
Any analysis of the present motion must begin with those Rules of the Mass.R.Prof.C. cited by the parties. Those Rules read in material part as follows:
1.6(a) A lawyer shall not reveal confidential information relating to a representation of a client unless the client consents after consultation . . .
1.8(b) A lawyer shall not use confidential information relating to representation of a client to the disadvantage of the client or for the lawyer’s advantage or the advantage of a third person, unless the client consents after consultation . . .
1.9(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client consents after consultation.
1.9(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter, unless the former client consents after consultation: [use or reveal confidential information relating to the representation to the disadvantage of the former client].
1.10(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so . . .
1.10(b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
(1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
(2) any lawyer remaining in the firm has in- . formation protected by Rules 1.6 and 1.9(c) that is material to the matter.
DMD, through Mr. Parnell and Mr. Long, once represented Stuart. Except for Mr. Parnell’s work and some tax advice by Mr. Long, no other DMD lawyers represented Stuart individually. Rather they represented the corporation, G.R. Stuart. Consequently, the Court should assess the situation principally from the point of Mr. Parnell’s and Mr. Long’s representation.
It is clear that Stuart never consented to DMD’s representation of the plaintiffs in this case, nor did he ever consent to any use of confidential information he may have provided to Mr. Parnell or Mr. Long when they represented him.
Rule 1.6(a), 1.8(b), 1.9(a) and 1.9(c) all apply to Mr. Parnell and Mr. Long. Further, so long as Mr. Parnell and Mr. Long were associated with DMD, by Rule 1.10(a), those Rules also applied to DMD.
Aside from Mr. Parnell and Mr. Long, there is nothing in the record to show that any other DMD lawyer came into possession of information concerning Stuart of the kind protected by Rules 1.6 and 1.9(c).
Mr. Parnell last represented Stuart, at least while at DMD, in 1996, and he left DMD in 1998. It is not clear when Mr. Long gave tax advice to Stuart, however, he too left DMD in 1998.
The matter thus focuses on the application of Mass.RProf.C. Rule 1.10(b)(1) and (2) to the facts presented. Effectively, the entire matter turns on the substantiality of the relationship between the matters in the 1994-96 representation and the matters presented here. And this is a subject that still lacks clarity in Massachusetts. See, e.g., Adoption of Erica, 426 Mass. 55, 61-62 (1997).
This Court agrees with Justice Sosman’s reading of Bays v. Theran, 418 Mass. 685 (1994), in Dee v. Conference Holdings, Inc., Middlesex Superior Court, No. 97-6608 (8 Mass. L. Rptr. 708). There she said that the primary purpose of the “substantially related” test is to preserve client confidences by avoiding an “intolerably strong temptation” to betray them. Id. at p. 4. “That duty survives the termination of the attorney-client relationship.” G.D. Mathews & Sons Corporation, supra, 54 Mass.App.Ct. at 21; Bays, supra, 418 Mass. at 691.
Under the “substantial relationship” test, a subsequent representation is proscribed “on the sole ground that the later suit, simply because of its substantial relation to the former one, exposes the attorney to an intolerably strong temptation to breach his duty of confidentiality to the former client. The [former] client need never prove that the attorney actually misused the confidences to the client’s disadvantage. Instead he must prove only the existence of the tempting situation by showing (1) that an attorney-client relationship existed in the former legal representation, and (2) that the former and current representations are both adverse and substantially related.” . . . Thus, the “substantial relationship” test operates by assuming that confidences were transmitted in the former attorney-client relationship.
Bays, supra, 418 Mass. at 691. See also G.D. Mathews & Sons Corporation, supra, 54 Mass.App.Ct. at 21.
*79 There certainly was an attorney-client relationship between Stuart and DMD in the period from 1994 into 1996. Also, this Court must assume that confidences were transmitted in that attorney-client relationship.
What is lacking, however, is any evidence that the former and current representations are substantially related. Stuart’s involvement in the present lawsuit relates to 21st Centuiy, a partnership formed by him in 1998, well after his representation by DMD ended. In forming that partnership, Stuart was represented by a lawyer not associated in any way with DMD. The transactions in issue in this case involve the propriety of sales by 21st Century to some of the plaintiffs of shares in Cyberscan in December 1999, and shares in Net Tel in 2000. There was nothing in any of the legal representation of Stuart in 1994 through 1996 that had — or indeed could have had — any relationship whatsoever to the subject of this law suit. The present case involves the actions of an entity that did not even exist in the 1994-96 period, and transactions that occurred three and four years after the DMD representation ended.
ORDER
For the foregoing reasons, the motion of Greg Stuart to disqualify Davis, Malm & D’Agostine, P.C., is DENIED.